ANDREA REYES, Plaintiff and Appellant, *v.* ENRIQUE UMPIERRE, Defendant and Appellee. MANUEL RODRÍGUEZ, Plaintiff and Appellant, *v.* ENRIQUE UMPIERRE, Defendant and Appellee.

Nos. 6912 and 6913. Argued March 5, 1936.—Decided July 20, 1936.

*Angel A. Vázquez* for appellants. *J. Henri Brown, G. E. González, G. Benítez Gautier* and *Sergio S. Gelpí* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

We have to do with two separate claims arising from a single accident. For the purposes of briefs and hearing before this Supreme Court, the appeals taken from the judgments dismissing the complaints were consolidated. We shall accordingly consider all the questions raised in a single opinion.

It is admitted that on the night of December 16, 1931, the automobile devoted to public hire in which the plaintiffs were

riding, collided with a truck belonging to the defendant while the truck was parked on the highway from Río Piedras to the Monacillos Ward, and that the plaintiffs were injured.

The entire controversy turns upon the question as to who was responsible for the collision. Plaintiffs maintain that the truck was not only parked, but that the driver suddenly turned on its lights when he heard the car coming, blinding the chauffeur, who lost control of the wheel causing the car to collide with the truck. The defendant maintains that since the road was narrow and the truck was about to enter on a curve when the driver heard the car coming, he stopped the truck, that he stayed there with his lights lit, well to the right, in order to leave the way open, and that the collision was due solely to the negligence of the chauffeur who was driving the car in which the plaintiffs were riding: excessive speed, wet roadway, curve improperly taken on the left.

The trial court refers in its opinion to the pleadings, summarizes the evidence and concludes that:

"There is no doubt whatever from the evidence that the truck was parked to the right; that it had its lights burning before the accident occurred and that coming from behind there was an automobile with the lights lit which stopped behind and shone its lights upon the truck, a fact which allowed the truck to be seen from some distance. Similarly, the statements of the witnesses have not been contradicted to the effect that the collision was head-on and this is apparent in one of the photographs offered in evidence and admitted by the court. . . . . . . .

"We cannot say that the truck was parked at the very entrance to the bridge or the sewer. The witnesses differ as to the distance. But an ocular inspection permits us to affirm that it was not at the entrance. Even believing the witnesses who placed the truck at the bucayo tree, the situation in which the vehicles were after the collision is clear evidence that the Ford in taking the curve, did so without proper precaution and without staying to its right as far as possible as provided in sub-division *d* of Section 12 of the act regulating the use of motor vehicles in Puerto Rico, Act No. 75 of 1916.''

In the course of its opinion the district court makes some statements and cites some decisions of this Supreme Court which give rise to a long discussion, particularly in the appellants' brief.

We shall not stop to deal with these questions. After a careful study of the record, we are convinced that fundamentally the only issue in this case is a conflict of evidence which was decided by the district court in favor of the defendant, and we do not find from our examination that the district court committed manifest error in weighing such evidence. Furthermore, since there is not the slightest showing that the court was moved by bias, prejudice or partiality, both appeals must be dismissed and the judgments appealed from affirmed.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.